FILED IN CHAMBERS
U.S.D.C. Atlanta

SEP 1 1 2019

JAMES N. HATTEN, Clerk

By: _____

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

GENNADY PODOLSKY
a/k/a Dana Paulsen
a/k/a Dana Rodriguez

Criminal Indictment

No. 1:19-CR- 344

THE GRAND JURY CHARGES THAT:

## COUNTS ONE THROUGH TWELVE

(Wire Fraud)
(18 U.S.C. § 1343)

1. Beginning and ending on a date unknown to the Grand Jury, but from at least in or about March 2014, and continuing through at least in or about April 2015, in the Northern District of Georgia, and elsewhere, the defendant, GENNADY PODOLSKY, a/k/a Dana Paulsen, a/k/a Dana Rodriguez, did knowingly devise and intend to devise a scheme and artifice to defraud Delta Air Lines, Inc. ("Delta"), and to obtain money and property from Delta by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, and for the purpose of executing and attempting to execute the aforesaid scheme and artifice, with the intent to defraud, did transmit and cause to be transmitted by means of wire communication, in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, as specified below.

## Background

At all times relevant to this Indictment:

### Vega International Travel Services

2. Vega International Travel Services, Inc. ("Vega Travel") was a small, full-service travel agency located in Chicago, Illinois.  Vega Travel's services included booking air travel for its clients, many of whom were living abroad and were of Russian and Eastern European descent.

3. M.V. was the owner and president of Vega Travel.  Defendant GENNADY PODOLSKY was Vega Travel's managing partner and lead travel agent. PODOLSKY sometimes used the aliases Dana Paulsen and Dana Rodriguez in his communications with Delta, and in other contexts.

### Reproductive Genetics Institute

4. Reproductive Genetics Institute ("RGI") was a genetic testing facility located in the Chicago metro area.  RGI's services included conducting preimplantation genetic testing for embryos used for in vitro fertilization.

5. RGI was founded by Y.V. and was operated by O.V., both of whom were relatives of M.V.  RGI's staff consisted of about two dozen people, which included physicians, nurses, genetic counselors, and administrative personnel.

### Delta Air Lines' Frequent Flyer Programs

6.  Delta was a major United States airline headquartered in Atlanta, Georgia, in the Northern District of Georgia.  Delta utilized computer servers for electronic ticket management and email messaging that were located in Georgia.

7. Delta operated a frequent-flyer program for individuals called SkyMiles that allowed passengers to accumulate points for free travel, upgrades, and preferred status. Delta operated a similar program for businesses called SkyBonus that allowed businesses to earn points for similar perks. Enrolled businesses could earn points under the SkyBonus program at the same time the traveling passenger earned points under the SkyMiles program.

<u>SkyBonus Program</u>

8. A business enrolled in the SkyBonus program accrued points whenever its employees traveled on Delta and a SkyBonus account identification number was entered electronically at the time of booking. If a SkyBonus number was not entered at booking, a business could request retroactive SkyBonus credit after the travel occurred via the "add-a-ticket" section of the SkyBonus program website.

9. For an enrolled business to accrue SkyBonus points under the terms of the program, the traveling passenger must have been an actual employee of that business. In addition, the primary administrator of a SkyBonus account must have been an employee of the enrolled business.

10. Enrolled businesses could redeem accrued SkyBonus points for flight reward certificates, ticket upgrades, and other benefits. The reward certificates for free air travel were requested through the SkyBonus website. Delta issued the certificates, known as "Delta eCerts," via email to the recipient's email address. To redeem an eCert for free travel, the reward recipient entered an eCert number during the booking process and selected an eligible flight.

## Scheme to Defraud

11. Defendant PODOLSKY devised and executed a scheme to defraud Delta through the fraudulent accrual and redemption of SkyBonus points.

12. As part of the scheme to defraud, PODOLSKY caused a SkyBonus account to be registered in the name of "RGI International," account number US0018440, even though PODOLSKY and M.V. did not work for RGI or any entity called "RGI International."  PODOLSKY also named a person who was not an employee of "RGI International" as the primary administrator of the "RGI International" SkyBonus account, contrary to Delta policy.

13. As part of the scheme to defraud, when Vega Travel booked its customers for air travel on Delta, PODOLSKY caused the SkyBonus account number for "RGI International" to be associated with those customers' tickets, even though those customers were not employees of RGI or any entity called "RGI International."  By doing so, PODOLSKY caused SkyBonus points to accrue fraudulently in the "RGI International" SkyBonus account for passengers who were not employees of RGI or "RGI International."

14. As part of the scheme to defraud, PODOLSKY also caused the SkyBonus points that had fraudulently accrued in the "RGI International" SkyBonus account to be redeemed by requesting, receiving, and utilizing reward certificates for free air travel and other benefits.

15. During the scheme to defraud, PODOLSKY caused the "RGI International" SkyBonus account to be used to fraudulently accrue millions of SkyBonus points based on approximately $1.57 million in travel revenue, and to

4

fraudulently redeem approximately 42 million SkyBonus points for flight certificates valued at approximately $575,000.

<u>Fraudulent Accrual of SkyBonus Points</u>
<u>(Counts One through Three)</u>

16. In furtherance of the scheme to defraud, on or about the ticket issue dates identified below, in the Northern District of Georgia and elsewhere, PODOLSKY caused interstate wire communications with Delta computer servers to register the accrual of SkyBonus points for the "RGI International" SkyBonus account for the air travel tickets identified in the chart below:

| Count | Passenger | Ticket Issue Date | Ticket Travel Date(s) | Ticket No. |
|-------|-----------|-------------------|------------------------|------------|
| 1 | L.P. | July 29, 2014 | Sept. 2, 2014 Sept. 12, 2014 Sept. 17-18, 2014 | 0067467481510 |
| 2 | S.P. | Aug. 13, 2014 | Sept. 20, 2014 | 0067469889948 |
| 3 | T.P. | Oct. 03, 2014 | Oct. 31, 2014 | 0067497986055 |

<u>Fraudulent Redemption of SkyBonus Points</u>
<u>(Counts Four through Nine)</u>

17. In furtherance of the scheme to defraud, on or about the ticket issue dates identified below, in the Northern District of Georgia and elsewhere, PODOLSKY caused interstate wire communications with Delta computer servers for the

redemption of flight reward certificates obtained using fraudulently accrued SkyBonus points for the "RGI International" SkyBonus account, for the air travel tickets identified in the chart below:

| Count | Passenger | Ticket Issue Date | Ticket No. | SkyBonus Certificate No. |
|-------|-----------|-------------------|------------|--------------------------|
| 4 | P.C. | Nov. 12, 2014 | 0062188059891 | 0060653622114 |
| 5 | B.B. | Nov. 12, 2014 | 0062188099443 | 0060653160702 |
| 6 | J.M. | Jan. 7, 2015 | 0062377909851 | 0060653932970 |
| 7 | S.D. | Jan. 20, 2015 | 0062379090214 | 0060653471396 |
| 8 | J.S. | Jan. 22, 2015 | 0062379874472 | 0060653941255 |
| 9 | J.J. | Jan. 22, 2015 | 0062379874471 | 0060653326181 |

## Fraudulent Emails Regarding SkyBonus Account
### (Counts Ten through Twelve)

18. In furtherance of the scheme to defraud, on or about the dates identified below, in the Northern District of Georgia and elsewhere, PODOLSKY caused false statements to be made to Delta representatives, via interstate email communications, in order to lull Delta representatives and conceal the fraudulent nature of the accrual and redemption of "RGI International" SkyBonus points, as identified and described in the chart below:

6

| Count | Date | Wire Communication |
|-------|------|--------------------|
| 10 | Feb. 20, 2015 | Email communication to Delta risk management investigator, C.B., in order to answer questions relating to an audit of the "RGI International" SkyBonus account |
| 11 | Feb. 27, 2015 | Email communication to Delta risk management investigator, C.B., in order to attach a list of purported employees of "RGI International" in connection with an audit of the "RGI International" SkyBonus account |
| 12 | April 16, 2015 | Email communication to Delta revenue recovery manager, T.D., in order to answer questions and make statements relating to an audit of the "RGI International" SkyBonus account |

All in violation of Title 18, United State Code, Section 1343.

## FORFEITURE PROVISION

19. The allegations contained in Counts One through Twelve of this Indictment are hereby re-alleged and incorporated by reference as is fully set forth herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

20. Upon conviction of one or more of the offenses alleged in Counts One through Twelve of this Indictment, the defendant, GENNADY PODOLSKY, a/k/a Dana Paulsen, a/k/a Dana Rodriguez, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28,

United States Code, Section 2461(c), any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of said violations, including, but not limited to, the following:

    a. a forfeiture money judgment in the amount of at least $1,752,110.06, which represents the proceeds of the fraud offenses described in Counts One through Twelve.

21. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; and

    e. has been commingled with other property that cannot be subdivided without difficulty;

the United States intends, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek

forfeiture of any other property of said defendant up to the value of the
forfeitable property.

A _____ BILL

FOREPERSON

BYUNG J. PAK
  *United States Attorney*

JOHN S. GHOSE
  *Assistant United States Attorney*
Georgia Bar No. 446568

BERNITA B. MALLOY
  *Assistant United States Attorney*
Georgia Bar No. 718905

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181